# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03326-RGK-GJS | Date | April 20, 2020 |
|---|---|---|---|
| Title | *Leemanuel Weilch v. Hairon Chow et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     **(IN CHAMBERS) Order to Show Cause**

    The Complaint filed in this action asserts a claim for injunctive relief arising out of an alleged violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12010-12213, and a claim for damages pursuant to California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51-53.  It appears that the Court possesses only supplemental jurisdiction over the Unruh Act claim, and any other state law claim that plaintiff may have alleged, pursuant to the Court's supplemental jurisdiction.  See 28 U.S.C. § 1367(a).

    The supplemental jurisdiction statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and <u>at every stage of the litigation</u>, the values of judicial economy, convenience, fairness, and comity.'"  <u>City of Chicago v. Int'l Coll. of Surgeons</u>, 522 U.S. 156, 173, 118 S. Ct. 523, 534, 139 L. Ed. 2d 525 (1997) (emphasis added) (quoting <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350, 108 S. Ct. 614, 619, 98 L. Ed. 2d 720 (1988)).  The Court therefore orders plaintiff to show cause in writing why the Court should exercise supplemental jurisdiction over the Unruh Act claim and any other state law claim asserted in the Complaint.  See 28 U.S.C. § 1367(c).

    In responding to this Order to Show Cause, plaintiff shall identify the amount of statutory damages plaintiff seeks to recover.  Plaintiff and plaintiff's counsel shall also support their responses to the Order to Show Cause with declarations, signed under penalty of perjury, providing all facts necessary for the Court to determine if they satisfy the definition of a "high-frequency litigant" as provided by California Civil Procedure Code sections 425.55(b)(1) & (2).  **Plaintiff shall file a Response to this Order to Show Cause by no later than April 27, 2020.**  Failure to timely or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03326-RGK-GJS | Date | April 20, 2020 |
|---|---|---|---|
| Title | *Leemanuel Weilch v. Hairon Chow et al* | | |

adequately respond to this Order to Show Cause may, without further warning, result in the dismissal of the entire action without prejudice or the Court declining to exercise supplemental jurisdiction over the Unruh Act claim and the dismissal of that claim pursuant to 28 U.S.C. § 1367(c).

**IT IS SO ORDERED.**

:

Initials of Preparer